**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2836-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSE D. LOPEZ, a/k/a
CHOLO LOPEZ, CHOLITO
LOPEZ, ELIONEXIS LOPEZ,
JOSE V. LOPEZ, JOSE DAVID
LOPEZ, and DAVID JOSE
LOPEZ,

     Defendant-Appellant.

_____

Submitted January 28, 2020 – Decided March 6, 2020

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-02-0213 and Accusation No. 13-07-0267.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Leslie-Ann Marshall Justus, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jose D. Lopez appeals from a December 13, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

In February 2012, a Middlesex County grand jury charged defendant with one count of second-degree leader of auto theft trafficking network, N.J.S.A. 2C:20-18 (count one); one count of second-degree operation of a facility for the sale of stolen automobiles, N.J.S.A. 2C:20-16 (count two); four counts of third-degree alteration of motor vehicle identification numbers (VIN), N.J.S.A. 2C:17-6 (counts three, fourteen, sixteen, and eighteen); one count of third-degree fencing, N.J.S.A. 2C:20-7.1(b) (count four); one count of third-degree conspiracy to commit theft by unlawful taking, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:20-3 (count five); four counts of third-degree receiving stolen property, N.J.S.A. 2C:20-7 (counts six, thirteen, fifteen, and seventeen); one count of second-degree burglary, N.J.S.A. 2C:18-2(a)(1) (count nine); and one count of theft by unlawful taking, N.J.S.A. 2C:20-3 (count ten).

In July 2013, defendant was charged in an accusation with first-degree promotion of organized crimes, N.J.S.A. 2C:33-30(a). The charges stemmed from the operation of an auto theft ring in Sayreville, led by defendant, which stole more than 100 vehicles, chopped them up, painted them, and changed the VINs in defendant's backyard. Several of the stolen vehicles were towed to scrap yards and defendant provided fraudulent titles to the scrap yard owners, which he created using computer software he developed.

At his July 2013 plea hearing, defendant provided a factual basis for his plea. Defendant testified that he was the "brains" and "organizer" of the auto theft ring and that he taught other individuals how to steal the vehicles, empty their contents, and tow them to scrap yards, then paid them for their efforts. Defendant admitted to operating a "chop-shop" in his backyard and a paint shop to repaint the stolen vehicles. He also admitted committing theft and fencing stolen property with a co-conspirator.

During plea hearing, the State presented a chart entitled, "Vehicles Stolen by or at the Direction of Jose D. Lopez," which listed more than 100 stolen vehicles, including vans and motorcycles. Defendant acknowledged it was accurate.

A-2836-18T3

On September 16, 2013, defendant was sentenced on Indictment No. 12-02-0213 to ten years of imprisonment with five years of parole ineligibility on counts one and two, a concurrent term of five years of imprisonment on count five, and fifteen years of imprisonment, with a five-year period of parole ineligibility on the Accusation, to run concurrently to his sentence on the indictment. Defendant appealed his sentence and then withdrew the appeal.

In June 2017, defendant filed a pro se petition for PCR, which did not make any specific assertions. The court appointed counsel to represent defendant, and counsel filed a brief in support of the petition, alleging ineffective assistance of counsel.

On November 2, 2018, the PCR court heard oral argument on the petition, and thereafter, filed a written opinion in which it concluded that defendant had not been denied the effective assistance of counsel. The court determined that an evidentiary hearing was not required. On December 13, 2018, the PCR court entered an order denying the petition.

Defendant appeals and raises the following arguments:

> POINT I
>
> THE PCR COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON MR. LOPEZ'S CLAIM THAT TRIAL COUNSEL PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL

4

BY FAILING TO MOVE FOR A SPEEDY TRIAL AND FOR FAILING TO OBJECT TO THE INSUFFICIENT FACTUAL BASIS PROVIDED FOR EACH OF HIS GUILTY PLEAS.

A.    FAILURE TO MOVE FOR A SPEEDY TRIAL.

B.    FAILURE TO OBJECT TO THE SUFFICIENCY OF THE FACTUAL BASIS PROVIDED FOR EACH OFFENSE.

We are convinced from our review of the record that defendant's arguments are entirely without merit. We affirm the denial of PCR substantially for the reasons stated by the PCR court in its written opinion.

## II.

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992) (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." Mitchell, 126 N.J. at 579.

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient[,]" that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for

5

counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 667-68, 694 (1984); accord State v. Fritz, 105 N.J. 42, 52, 61 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

To prove the first element, a defendant must "overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

PCR courts are not required to conduct evidentiary hearings unless the defendant establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record . . . ." R. 3:22-10(b). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997). Speculative

assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Applying these well-settled standards of review, we affirm the PCR judge's denial of defendant's petition. Defendant argues that he was denied the effective assistance of trial counsel because his attorney allegedly failed to pursue a speedy trial claim leading to an almost two-year delay between his arrest on October 23, 2011 and July 12, 2013, when he pled guilty.

In assessing a Sixth Amendment speedy trial claim, the court must consider: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right, and (4) whether defendant was prejudiced by the delay. Barker v. Wingo, 407 U.S. 514, 530 (1972).

Here, as the PCR court noted, defendant failed to appear for several court hearings, resulting in the issuance of three bench warrants for his arrest. Defendant's failure to appear in court delayed the matter for over eleven-and-a-half months.

Moreover, this was a complex case requiring an extensive investigation into defendant's multi-faceted auto theft ring. The investigation covered defendant's role as the leader of an auto trafficking network, operating a facility

in his backyard to dismantle, re-paint, and alter VINs on over 100 vehicles, fencing, and conspiring with other individuals to commit these offenses.

The PCR court correctly found that defendant was not denied the effective assistance of counsel because his attorney did not seek dismissal of the indictment and accusation on the ground that the delay in resolving the charges violated his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution. The PCR court noted that neither the State, defense counsel, nor the court could be faulted for defendant's lack of cooperation, and had he appeared at all scheduled hearings, the case may have resolved faster.

Defendant additionally contends that his trial attorney was ineffective because she failed to object to the sufficiency of the factual basis provided for each offense, and therefore, his guilty pleas should be vacated. In support of his argument, defendant claims that he "was provided with details of the offenses in the questions asked of him and simply provided yes or no answers in response." In essence, defendant asserts he did not admit to the charges in his own words in a manner sufficient to sustain the convictions.

The PCR court declined to apply the standard set forth in State v. Slater, 198 N.J. 145 (2009).[1]  Instead, the PCR court analyzed the merits of defendant's claim under the Strickland standard and concluded that defendant failed to show that his trial counsel's performance was deficient.  Moreover, the PCR court aptly noted that defendant did not indicate he wanted to withdraw his guilty plea.

In any event, defendant's claim is without merit.  "The withdrawal of a guilty plea is not an 'absolute right'; it is a matter within the broad discretion of the trial court."  State v. Simon, 161 N.J. 416, 444 (1999) (citations omitted).  Thus, an appellate court will reverse a "trial court's denial of [a] defendant's request to withdraw his guilty plea . . . only if there was an abuse of discretion which renders" the trial court's decision "clearly erroneous."  Ibid.

We note the PCR court was also the sentencing court.  After reviewing the transcripts, the court concluded that the factual basis for the plea was sufficient to establish every element of the crimes to which defendant pled guilty.

---

[1]  A motion to withdraw a guilty plea after sentencing can be granted only "to correct a manifest injustice."  R. 3:21-1.  "[T]he longer the delay in raising a reason for withdrawal . . . the greater the level of scrutiny" in evaluating the claim.  Slater, 198 N.J. at 160.  The court must consider "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused."  Id. at 157-58.

A-2836-18T3

Moreover, the court noted that defendant signed the plea forms and was informed by the court of his constitutional rights and the implications of a guilty plea as to those rights. And, the court asked defendant whether he was satisfied with his trial counsel's performance to which he answered in the affirmative. We are convinced there is sufficient credible evidence in the record to support the PCR court's denial of defendant's PCR petition.

Defendant further contends that the PCR court abused its discretion by ruling on his petition without an evidentiary hearing. However, a hearing was not required in this matter because defendant failed to present a prima facie case of ineffective assistance of counsel. Preciose, 129 N.J. at 462. Furthermore, defendant has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. He was unable to demonstrate the required prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2836-18T3